UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAMILY RESIDENCES AND
ESSENTIAL ENTERPRISES, INC.,

                                   Plaintiff

       -against-                                COMPLAINT
                                                         DOCKET NO. 19cv6700

TOWN OF BABYLON, JOSEPH
WILSON, Town Attorney of the
Town of Babylon, and
MARYANN ANDERSEN,
Senior Zoning Inspector of the Town of
Babylon in their official and
personal capacities,

                                   Defendants
----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff Family Residences and Essential Enterprises, Inc. ("Family Residences"), is a not-for-profit corporation that provides housing for people with disabilities throughout Long Island. It operates such housing at 775 Conklin Street, Farmingdale, New York. The Defendant Town of Babylon ("Town"), and Defendants Joseph Wilson, the Town Attorney and Maryann Andersen, the Town's Senior Zoning Inspector, have done everything possible to prevent Family Residences from operating the above housing. The Defendants have (i) issued tickets claiming that the residence is illegal in the zone, (ii) claimed that Family Residences needs a special rental permit to operate the residence, (iii) conducted an unwarranted examination of the residence because of Family Residences' previous lawsuits, (iv) placed a placard on the residence preventing it from being occupied, and (v) refused to remove the placard even though Town officials have

deemed the residence safe for occupancy and the residence does in fact have a certificate of occupancy. The Town's actions are both intentional in nature and retaliatory against Family Residences. The actions are in retaliation for previous actions filed by Family Residences in this Court under the Federal Fair Housing Act. Thus, these retaliatory claims violate both the Federal Fair Housing Act and the Americans with Disabilities Act.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter under 42 U.S.C. §§3613 and 12133 and 28 U.S.C. §1331.

3. As all of the parties reside in Nassau or Suffolk County, venue is proper in this Court.

## PARTIES

4. Plaintiff Family Residences is a not-for-profit corporation providing housing for people with disabilities throughout Long Island. Its main office is located in Old Bethpage, Nassau County, New York.

5. Defendants Town of Babylon, Joseph Wilson, and Maryann Andersen are a municipality, the Town Attorney, and the Town's Senior Zoning Inspector and have their offices in Lindenhurst, Suffolk County, New York.

## FACTS

6. Family Residences provides housing for people with mental disabilities throughout Long Island.

7. The individuals it serves are disabled as defined in the Federal anti-discrimination laws on the grounds that they have a mental impairment substantially limiting their activities of daily living, such as hygiene, employment and socialization.

8. Family Residences operates a residence for people with mental disabilities at 775 Conklin Street, Farmingdale, New York.

9. The residence on Conklin Street is a small residence housing people with mental disabilities living together as a family unit.

10. With regard to that residence, Defendant Andersen issued an accusatory instrument information on August 1, 2016, stating that the residence was an illegal proprietary home because she spoke with "an acting agent of said defendant (Family Residences) who admitted to Inspector Andersen…that said property was being utilized as a residence for individuals with issues (handicapped), which is not permitted and is in violation of the above Code of the Town of Babylon."

11. Defendant Andersen issued the information because the residents of the home were "individuals with issues (handicapped)."

12. With regard to another not-for-profit agency, Federation of Organizations for NYS Mentally Disabled ("Federation"), on August 4, 2016, Defendant Andersen issued the same information against Federation's residence for people with disabilities, noting that a "residence for individuals with mental disabilities… is not permitted, and is in violation of the above Code of the Town of Babylon."

13. In these cases, Defendant Andersen issued the information on the assumption that residences for people with disabilities were illegal in single family residential zones.

14. Subsequently, Family Residences filed an action in this Court against the Town and Defendant Andersen alleging that their actions violated the Federal Fair Housing Act and the Americans with Disabilities Act. The Docket Number of that case is 17CV2350(JMA)(AKT).

15. The parties settled that case as the Town conceded that Family Residences' use of the Conklin Street residence was legal.

16. Thereafter, Town Attorney Joseph Wilson and Assistant Town Attorney Jerry Guarino advised Family Residences that it needs a rental permit in order to continue to operate the Conklin Street residence.

17. Believing that such requirement violated the Federal Fair Housing Act and the Americans With Disabilities Act, Family Residences filed another action against the Town alleging that the requirement of a rental permit violated those statutes.

18. That action, which is at Docket Number 17CV4963(GRB) is still pending.

19. The Town has answered the Complaint and documentary discovery has taken place.

20. The parties spent much of the year 2018 trying to settle the action without any success.

21. On January 15, 2019, Magistrate Judge Gary R. Brown held a conference among counsel for the parties and a discovery schedule was set down at that conference as well as a schedule for filing motions for summary judgment.

22. Dates were discussed by the attorneys for the parties' depositions of witnesses for both parties, and Ms. Andersen would have been one of the witnesses deposed.

23. However, on January 31, 2019, both the Fire Marshal and Ms. Andersen entered the premises without a warrant.

24. The Fire Marshal condemned the premises, forcing the disabled residents to leave the premises immediately, leaving most of their personal valuables and belongings behind.

25. There is no portion of the Babylon Town Code that supports such warrantless entry, and the Town officials did not have a probable cause for such entry.

26. The warrantless inspection revealed that a hot water unit was not connected to a vent, and the hot water unit was shut down. While the CO level was 66/1,000,000 ppm, it was not high enough to trigger the hardwired carbon monoxide detectors throughout the residence.

27. Family Residences obtained a plumbing permit to repair the hot water heater and the repairs were timely made.

28. On March 11, 2019, the Town's building department inspected and approved the repairs and the original placard was removed.

29. However, on that same day, Ms. Andersen issued a new placard stating that the building was unlawful without stating a reason.

30. Family Residences then asked the Fire Marshal, who had cleared the plumbing violation of the property whether the placard could be removed.

31. The Fire Marshal stated that the placard could be removed, but suggested that Family Residences contact the Town Attorney's office to obtain approval to remove the condemnation placard.

32. Family Residences contacted the Town Attorney's office to obtain approval to remove the placard for the plumbing violation, but the Town Attorney's office never responded.

33. It was later determined that the aforementioned condemnation was premised on a missing Certificate of Occupancy.

34. Family Residences obliged by going through the process of obtaining pre-permit inspections, obtaining building permits converting the basement to a storage area, and submitting the premises for final inspection.

35. On October 22, 2019, Family Residences obtained a lawful Certificate of Occupancy for the basement.

36. Consequently, John Herchenroder, Chief Legal Officer for Family Residences, wrote a letter dated to Town Attorney Wilson dated November 7, 2019 requesting removal of Ms. Andersen's placard and requesting a response by November 15, 2019.

37. Town Attorney Wilson did not respond back to Mr. Herchenroder's letter by that date, and the placard remains on the residence, preventing the residents from returning to their residence.

38. The warrantless inspection of the residence, along with the condemnation of the property and the issuance of appearance tickets, was in retaliation for Family Residences commencing and prosecuting the previous actions under the Federal Fair Housing Act and the Americans with Disabilities Act.

39. By inspecting the property without either probable cause or a warrant, placing a second placard on the property after the repairs had been completed, and refusing to remove the placard from the residence despite a valid Certificate of Occupancy, the Town and its officials, Mr. Wilson and Ms. Andersen, have acted in violation of both the Federal Fair Housing Act and the Americans with Disabilities Act by intentionally discriminating against Family Residences and the individuals they serve by making housing unavailable to those persons with disabilities because of their disabilities.

40. By inspecting the property without either probable cause or a warrant, placing a second placard on the property without cause after the repairs had been completed, and refusing to remove the placard from the residence despite a valid Certificate of Occupancy, the Town and its officials, Mr. Wilson and Ms. Andersen, have acted in violation of both the

Federal Fair Housing Act and the Americans with Disabilities Act by retaliating against Family Residences for asserting its rights under the Federal Fair Housing Act.

### **COUNT I- FEDERAL FAIR HOUSING ACT**

41. Family Residences realleges each and every allegation contained in paragraphs "1" through "40" of the Complaint.

42. Family Residences, an agency serving people with disabilities, has standing to bring this action.

43. The residents of 775 Conklin Street, having the disabilities described above, are a protected class of individuals under the Federal Fair Housing Act.

44. The Defendants are a municipality and municipal officials whose actions are covered by the Federal Fair Housing Act.

45. In conducting a warrantless search of the premises without probable cause to believe anything was wrong and in refusing to remove the placard preventing Family Residences from having its residents occupy the premises, Defendants are intentionally discriminating against Family Residences and its residents in violation of the Federal Fair Housing Act because of the disabilities of the residents.

46. In conducting a warrantless search of the premises without probable cause to believe anything was wrong and in refusing to remove the placard preventing Family Residences from having its residents occupy the premises, Defendants are retaliating against Family Residences and its residents in violation of the Federal Fair Housing Act because Family Residences has asserted its rights under that statute.

## COUNT II- AMERICANS WITH DISABILITIES ACT

47. Family Residences realleges each and every allegation contained in paragraphs "1" through "46" of the Complaint.

48. For the same reasons as stated above, both Family Residences, its residents, and the Defendants are covered by the Americans with Disabilities Act.

49. For the same reasons as stated above, the actions of the Defendants violate the Americans with Disabilities Act, both with intentional discrimination and in retaliation of Family Residences having asserted its rights under the Americans with Disabilities Act.

WHEREFORE, it is respectfully requested that this Court:

1) Order the Defendants to remove the placard from the residence at 775 Conklin Street, Farmingdale, New York that prevents Family Residences and its residents from occupying that residence.

2) Enjoin the Defendants from reinstating that placard on those premises.

3) Compensatory and punitive damages.

4) Attorney's Fees.

5) Such other relief as the Court deems warranted.

Dated: Garden City, New York
November 27, 2019

MORITT HOCK & HAMROFF LLP
Attorneys for Plaintiff
By:

ROBERT L. SCHONFELD
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

2099612v1